THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:12-cr-00020-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>(1) AVERY TED "BUCK" CASHION, III; )<br>(3) RAYMOND M. "RAY" CHAPMAN; )<br>(4) THOMAS E. "TED" DURHAM, JR.; )<br>(5) KEITH ARTHUR VINSON; )<br>(6) GEORGE M. GABLER; and )<br>(7) AARON OLLIS )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the following motions:

(1) Defendant George M. Gabler's Motion to Continue the Time for Commencement of Trial [Doc. 155];

(2) Defendant George M. Gabler's Supplemental Motion to Continue the Time for Commencement of Trial [Doc. 165];

(3) Defendant Aaron Ollis's Unopposed Motion to Continue Jury Trial and Extension of Time to File Pretrial Motions [Doc. 167];

(4) Defendant Keith Arthur Vinson's Motion to Continue Trial Setting [Doc. 168];

(5) Defendant Thomas E. Durham, Jr.'s Motion to Continue [Doc. 176];

(6) Defendant Raymond Chapman's Motion to Join in CoDefendants' Motions to Continue [Doc. 177]; and

(7) Defendant Avery Ted "Buck" Cashion, III's Motion to Join in CoDefendants' Motions to Continue [Doc. 178].

On April 4, 2012, the Defendants Avery Ted "Buck" Cashion, III ("Cashion"), Raymond M. "Ray" Chapman ("Chapman"), Thomas E. "Ted" Durham, Jr. ("Durham"), and Keith Arthur Vinson ("Vinson") were charged in a Bill of Indictment with various counts of wire fraud conspiracy in violation of 18 U.S.C. § 1349; misapplication of bank funds in violation of 18 U.S.C. § 656; wire fraud in violation of 1343; conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); and money laundering in violation of 18 U.S.C. § 1957. [Doc. 1]. Following their arraignments, these five Defendants were scheduled for trial during the Court's June 25, 2012 criminal term. [Docs. 35, 42, 50, 52, 60]. Upon motions of the Defendants, the case was continued a number of times and eventually set for trial during the Court's January 7, 2013 criminal term. [See Docs. 68, 89, 98].

On December 5, 2012, a Superseding Bill of Indictment was returned, adding additional charges against Cashion, Chapman, Durham, and Vinson

and adding two additional Defendants: George M. Gabler ("Gabler") and Aaron Ollis ("Ollis"). [Doc. 100]. On December 19, 2012, the Court entered an Order continuing the trial of this matter to the March 4, 2013 trial term. [Doc. 114].

Defendants Gabler, Ollis, Cashion, and Chapman then moved for another continuance of the trial date, citing the voluminous electronic discovery (approximately 100,000 pages) that had been produced by the Government and their respective difficulty in converting such electronically stored information into a useable, searchable format. [Docs. 128, 132, 133]. On January 30, 2013, the Court granted the Defendants' motions and continued this matter to its present setting during the May 6, 2013 trial term. [Doc. 141].

On February 21, 2013, defense counsel received additional electronic discovery from the Government consisting of approximately 64,000 TIFF images. The discovery was produced in such a manner that defense counsel had to spend significant time reconfiguring the TIFF images into a searchable PDF format. Following the production of this discovery, Defendant Cashion filed a motion seeking to compel the Government's compliance with certain electronically stored information (ESI) protocols established by the Department of Justice. [Doc. 153]. Other Defendants

soon joined in this motion. [Docs. 154, 160, 162]. Magistrate Judge Howell held a hearing on this motion on March 18, 2013. At that time, the Government requested a continuance of the hearing in order to comply with the Defendants' requests. Magistrate Judge Howell continued the hearing to March 27, 2013.

Also in March 2013, defense counsel was informed by the Government that an additional 95,000 pages of discovery would be forthcoming, as well as grand jury testimony from 25 civil and law enforcement witnesses and an unknown number of exhibits.

Following the second hearing on the Motion to Compel, the Government reproduced all of the discovery to defense counsel in a searchable PDF format. The Government also included, in native format, the user files from the hard drives of certain bank employees. Additionally, the Government produced a Source Log, an Excel spreadsheet labeling all of the pages produced. In light of these events, all of the Defendants now move for a continuance of the trial date. The Government, while initially declining to take a position on the request for a continuance [see Doc. 156], now takes the position that a continuance of the case is warranted [Doc. 166].

The Court finds that this case should be continued. While it is certainly not uncommon for some additional discovery to be produced by the Government shortly before trial, the volume and nature of the discovery that has been produced in the past eight weeks has been staggering. As defense counsel correctly notes, reviewing the Government's discovery is only the first step in preparing a defense. Once discovery has been reviewed, counsel must then investigate that evidence, gather additional documents, interview witnesses, prepare exhibits, consult with experts, and if necessary, draft and file various pretrial pleadings, such as motions, jury instructions, and the like. The time required to review the recent proliferation of discovery (including the time to convert such discovery into a useable format) has effectively prevented defense counsel from preparing an adequate defense for their clients.

In its last Order of Continuance, the Court stated "that absent the most extraordinary of circumstances, no further continuances of this matter will be allowed." [Doc. 141 at 3]. The Court finds that the circumstances described above qualify as most extraordinary and therefore justify a continuance of this matter. Due to these circumstances, as well as the number of defendants involved and the nature of the prosecution, this case has become so unusual and so complex that it is unreasonable to expect

counsel to adequately prepare for trial within the usual time limits set forth in the Speedy Trial Act.  See 18 U.S.C. § 3161(7)(B)(ii).

Further, if this case were not continued, the Court finds that counsel for the Defendants would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).  Additionally, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations, which would result in a miscarriage of justice.  See 28 U.S.C. §3161(h)(7)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interest of the public and the Defendants in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that the Defendants' Motions [Docs. 155, 165, 167, 168, 176, 177, 178] are **GRANTED**, and this case is hereby **CONTINUED** from the May 6, 2013 term in the Asheville Division.

**IT IS FURTHER ORDERED** that this case shall be peremptorily set for trial in the Asheville Division beginning on **October 7, 2013**.

**IT IS FURTHER ORDERED** that the deadline for the filing of any pretrial motions is hereby **EXTENDED** to **August 7, 2013**.

**IT IS SO ORDERED.**   Signed: April 26, 2013

Martin Reidinger
United States District Judge